UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-21100-MC-MARRA

In re:

OCEAN WARRIOR, INC.,

Debtor
_____/

**OPINION AND ORDER**

This cause is before the Court upon the Motion for Leave to File an Appeal (DE 1).  The Motion is fully briefed and the Court held oral argument on April 16, 2013.  The Court has carefully considered the submissions and the arguments of the parties and is otherwise fully advised in the premises.

This motion for leave to appeal arises out of a 20 year old bankruptcy case.  A detailed history of this proceeding is unnecessary for the purposes of this motion.  Instead, the Court will highlight relevant portions of the record.

On May 4, 2012, the bankruptcy court entered an order finding Appellant liable for civil contempt.  The bankruptcy court found Appellant in civil contempt because he violated numerous provisions of previous orders, but allowed Appellant to purge the finding of civil contempt by either returning to this jurisdiction a commercial fishing vessel which Appellant operated or depositing the value of the vessel with the bankruptcy court for the administration of the Debtor's estate.  Appellant was given 90 days to purge his contempt before further sanctions were imposed.  On January 12, 2013, Appellant filed a motion for relief from the May 7, 2012 contempt order and to reopen evidence.  The bankruptcy court denied the motion and this appeal followed.

The Court begins its analysis by noting that both parties concede that the appeal of the order in question is an interlocutory order.  As such, Appellant has "the burden of persuading the court that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of [a] final [order]." Coopers & Lyband v. Livesay, 437 U.S. 463, 475 (1978) (in discussing the role of the court of appeals in interlocutory appeals); see also United States Trustee v. PHM Credit Corp., 99 B.R. 762, 767 (E.D. Mich. 1989) (district courts should allow interlocutory bankruptcy appeals sparingly since interlocutory bankruptcy appeals should be the exception, not the rule).

An order of civil contempt that imposes a fine or penalty that a party can avoid by complying with an earlier order is not a final order. See S.E.C. v. Kirkland, 533 F.3d 1323, 1325 (l1th Cir. 2008); see also Carpenter v. Mohawk Indust., Inc., 541 F.3d 1048, 1055 (l1th Cir. 2008) (stating that "in order for the contempt order to be immediately appealable, '[t]here must be both a finding of contempt and a noncontingent order of sanction.'") (citing Combs v. Ryan's Coal Co., Inc., 785 F.2d 970, 976 (l1th Cir. 1986)).  However, "[t]he imposition of sanctions . . . is a prerequisite for appellate review of a contempt order."  Kirkland, 533 F.3d at 1325.

Here, the record shows that Appellant had the opportunity to purge the contempt by taking the actions directed by the bankruptcy court within the specified time.  More importantly, for purposes of the present motion, the contempt order states that if Appellant fails to purge himself of the contempt, "upon request for further hearing," the bankruptcy court will consider the imposition of sanctions.  At this time no sanctions have been imposed, and therefore Defendant has not suffered any adverse impact from the contempt order warranting immediate appellate review.  At any future hearing where sanctions are sought against Appellant, he will

have the opportunity to convince the bankruptcy court of his present inability to comply with the contempt order.  See United States v. Rylander, 460 U.S. 752, 757 (1983)("In a civil contempt proceeding . . . a defendant may assert a *present* inability to comply with the order in question. . . .  While the court is bound by the enforcement order, it will not be blind to evidence that compliance is now factually impossible. . . .  It is settled, however, that in raising this defense, the defendant has a burden of production.") (emphasis in the original).  If Appellant is unsuccessful in convincing the bankruptcy court of his inability to comply with the requirements of the contempt order and sanctions are imposed on him, at that time he will have suffered an adverse impact and he will be able to take an appeal as a matter of right.  Carpenter, 541 F.3d at 1055; Kirkland, 533 F.3d at 1325.  The current state of the proceedings, however, leaves Appellant in the same position as after the entry of the May 7, 2012 bankruptcy order; namely, without any sanctions being imposed and the right to demonstrate a present inability to comply with the order when sanctions are sought against him.  Until then, Appellant cannot meet any of the requirements for this Court entertaining an interlocutory appeal.

For the foregoing reasons, the Motion for Leave to File an Appeal (DE 1) is **DENIED**. The Clerk shall close this case and all pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 22nd day of April, 2013.

_____
KENNETH A. MARRA
United States District Judge

3